**Robert VERYZER, Ph.D.,
Plaintiff–Appellee,**

**v.**

**AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, Defendant–Appellant.***

**No. 11–0856–cv.**

United States Court of Appeals,
Second Circuit.

April 11, 2012.

Robert P. Lesko, Wilson Elser Moskowitz Edelman & Dicker Florham LLP, Park, NJ, for Appellant.

Alan C. Milstein, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. Moorestown, NJ, for Appellee.

Present: CHESTER J. STRAUB, ROSEMARY S. POOLER, Circuit Judges, EDWARD R. KORMAN,** District Judge.

## SUMMARY ORDER

American International Life Assurance Company ("AI Life") appeals from the February 4, 2011 decision and order of the United States District Court for the Southern District of New York (Berman, *J.*) denying its motion for summary judgment, granting Robert Veryzer's cross-motion for summary judgment, and directing AI Life to provide Veryzer disability benefits. *See Veryzer v. Am. Int'l Life Assurance Co. of N.Y.*, 765 F.Supp.2d 422 (S.D.N.Y. 2011). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We are skeptical of the district court's conclusion that AI Life acted in an arbitrary and capricious manner in denial of disability benefits beyond 24 months. However, we recognize that the district court lacked the benefit of the decisions of the vaccine court, which were not part of the administrative record before it. *See, e.g., Veryzer v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 344 (Fed.Cl.2011). Accordingly, we remand to the district court to decide whether to exercise its discretion

---

* The Clerk of the Court is directed to amend the caption as shown above.

** The Honorable Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

in considering material outside the record. *See, e.g., Krauss v. Oxford Health Plans, Inc.,* 517 F.3d 614, 631 (2d Cir.2008). Alternatively, the district court may exercise its discretion to remand to the administrator to consider additional evidence in making its claims determination, allowing both parties to supplement the record as each sees fit. *See Miller v. United Welfare Fund,* 72 F.3d 1066, 1074 (2d Cir.1995).

Accordingly, the judgment of the district court hereby is VACATED and RE-MANDED. Each party shall bear its own costs.